## McKinnon v. McKinnon.

*Husband and wife—Specific performance of marriage contract—Desertion —Support—Jurisdiction, equity.*

Where a husband had partitioned off a part of the home and compelled his wife and son to live there, and also refused to allow them the use of the water, heat, etc., thereby abandoning and deserting his wife, who obtained an order in the desertion court for her support in the sum of $100 a month, and brought a bill in equity to compel her husband to grant the use of the water, etc., the court dismissed the bill on demurrer, as she had an adequate remedy at law and the court had no jurisdiction to compel specific performance of a marriage contract.

Bill for injunction. C. P. Allegheny Co., April T., 1922, No. 2067, in Equity.

*Horace J. Miller* and *Robert S. Martin,* for plaintiff.

*Eckles & Davis,* for defendant.

EVANS, J., May 9, 1922.—The plaintiff in her bill alleges that she and the defendant are husband and wife, alleging that they have lived together at No. 719 Island Avenue, McKees Rocks, in the County of Allegheny; that in May, 1921, the defendant abandoned and deserted the plaintiff by putting up a partition in their dwelling-house on Island Avenue and compelling the plaintiff and her minor son to take up their residence on the other side of the partition; that he deprived them of the use of cold and hot water-pipes, deprived her of the use of gas in the house for cooking and heating purposes, and refuses her the use of the washing machine and electric irons in the cellar of said house; deprived her of the use of electric lights, and is causing the plaintiff "great inconvenience, hardship and suffering for want of the use of water, fuel, heat, light, washing and ironing, to her irreparable injury and loss."

Plaintiff prays that an injunction be issued, ordering and directing the defendant "to forthwith turn on the hot and cold water, gas and electric light, and the heat from the coal furnace to that part of said dwelling-house set apart and assigned to your oratrix, and that he allow and permit your oratrix to have the use of the washing machine and electric irons in the cellar of said house."

Defendant demurs, alleging that the plaintiff has an adequate remedy at law.

It will be observed that in the first paragraph of her bill the wife alleges that the defendant, her husband, has deserted and abandoned her, and, while it is not a part of this bill, it has been admitted by the parties in this case that, since the filing of this bill, the plaintiff has gone into the County Court in this county and, on an information for desertion, has obtained an order from that court for the payment by the husband of $100 a month for the support of her and her child, and that order is being carried out.

The plaintiff in this bill, if she alleges anything and prays for anything, it is the specific performance of the contract of marriage. She alleges no other contract. She alleges no rights to the occupancy of the premises alleged in the bill except such as result from the contract of marriage. We know of no principle which justifies a court of equity in decreeing a specific performance of the contract of marriage. For the failure on the part of the husband to perform the obligations of that contract she has a complete remedy at law.

The demurrer is sustained and the bill is dismissed.

From Edwin L. Mattern, Pittsburgh, Pa.